JONESBORO, FALL BRANCH & BLAIR'S GAP TURNPIKE. CO. *v.* JOHN C. BROWN, Governor.

EXTRAORDINARY REMEDY. *Mandamus against governor. Will not lie. When.* The courts of this State have no jurisdiction, by mandamus, to compel the governor to perform any duty devolved upon him as such officer by the Constitution and laws of the State. There is no distinction in the character of the act to be performed. It will not change the result that the duty could have been imposed upon a ministerial officer, and if so *he* might have been compelled to perform it.

FROM DAVIDSON.

Appeal from the Circuit Court. NATHANIEL BAXTER,. Judge.

No counsel marked.

McFARLAND, J., delivered the opinion of the court.

This was an application to the Judge of the Circuit Court of Davidson county for a mandamus to compel the then governor, John C. Brown, to issue certain bonds of the State, which it is claimed the Legislature, by certain acts, had directed to be issued to the Jonesboro, Fall Branch & Blair's Gap Turnpike Co.

We refer to and adopt the opinion of the circuit judge, Baxter, which sets forth the substance of the various acts of the Legislature, with, perhaps, one ex-

ception, that does not materially affect the question. In that opinion the conclusion is reached that upon a proper construction of these acts, the petitioner is not entitled to any of the several series of bonds claimed. Without further noticing these matters, we refer to another question of interest that has been very forcibly presented in argement; that is, whether the courts of this State have any jurisdiction, by mandamus, to compel the governor to perform any duty devolved upon him as governor by the Constitution and laws.

As to purely executive or political functions devolving upon the chief executive officer of a State, or as to duties necessarily involving the exercise of official judgment and discretion, we think it may be safely assumed that mandamus will not lie. This necessarily results from the nature of a government having three independent departments—executive, legislative, and judicial. Such is the doctrine well settled by authority. See High on Extraordinary Remedies, sec. 118.

The author further says: " As to duties of a ministerial nature, and involving no element of discretion, which have been imposed by law upon the governor of a State, the authorities are exceedingly conflicting, and, indeed, utterly irreconcilable. Upon the one hand it is contended, and with much show of reason, that as to duties of this character the general principle allowing relief by mandamus against ministerial officers should apply, and the mere fact of ministerial duties having been required of an executive officer should not deter the courts from the exercise of their jurisdiction. Upon the other hand it is held, that under our struc-

ture of government, with its three distinct departments—executive, legislative, and judicial—each department being entirely independent of the other, neither branch can properly interfere with the duties of the other, and as to the nature of the duties required of the executive department by law, and as to its obligations to perform these duties, it is entirely independent of any control by the judiciary. While the former theory has the support of many respectable authorities, and is certainly in harmony with the general principles underlying the jurisdiction as applied to purely ministerial officers, the latter has the clear weight of authority in its favor, and may be regarded as the established doctrine upon this subject."

The author then proceeds to review the various cases upon the subject, the substance of most of the cases being set forth in the notes.

The Supreme Courts of Ohio, Alabama, California, Maryland, and North Carolina have decided in favor of the jurisdiction, in cases where it was claimed the duties were ministerial, the cases presenting the question in different aspects; while opposed to the jurisdiction are the Supreme Courts of Arkansas, Georgia, Illinois, Louisiana, Maine, Minnesota, New Jersey, Rhode Island, and Missouri.

We will not undertake to review the several cases, or to distinguish them. We have, however, examined the reasoning in the several cases, and our own convictions are decidedly against the exercise of the jurisdiction, and we are of opinion that there can, as to its exercise, be no sound distinction in respect to the

Turnpike Co. *v.* Brown.

character of the act to be performed by the governor as chief executive.

In the very nature of such a government each department within its sphere must be independent of the other, and neither can rightfully interfere with the others in the discharge of their appropriate duties. And whatever duty or function is devolved upon either department, becomes a part of its appropriate or exclusive duties. And in the case of the Governor it does not change the result that the duty might have been imposed upon a ministerial officer, and if imposed upon a ministerial officer, he might have been compelled to perform it. It does not follow that when the duty is imposed upon the Governor, the courts have jurisdiction to control his acts.

The Governor holds but one office, that is the office of chief executive. Any duty which he performs under authority of law is an executive duty, otherwise we would have him acting in separate and distinct capacities. In some respects he would be the chief executive, an independent department of the government; as to other duties he would be a mere ministerial officer, subject to the mandate of any judge of the State, and we must assume also that the judge would have the power to imprison the Governor if he refused to obey his order, for if the court has this jurisdiction the power to enforce the judgment must follow.

It is said if this jurisdiction be not granted there is no remedy in cases where the Governor refuses to perform his duty with respect to the rights of the

citizens.    If the duty of performing a certain act is by law devolved upon the Governor, and in the exercise of his judgment and discretion—and it is difficult to imagine any act to be performed by a Governor where some degree of judgment and discretion is not involved—he decides against the claim of the citizen, the citizen has had his remedy.    If the Governor corruptly act in violation of law and right, he may be impeached.    It does not follow, because the right claimed depends upon a construction of our laws, that the court must therefore decide it.    The courts can only decide in those cases where by law they have jurisdiction.

Without a further discussion of the question, we refer to the cases upon the subject referred to in the notes to High on Extraordinary Remedies, sec. 118, *et seq.*

The judgment dismissing the petition will be affirmed.

Another case of the same character will also be dismissed.